## Ramsey, Appellant, v. Ramsey (No. 2).

*Will—Conversion—Blending of real and personal property—Partition.*
Where a testator owning an undivided interest in coal lands works a conversion of real estate by his will, by blending real and personal estate together for the purpose of distribution, his executors, and not the distributees under the will, are entitled to maintain partition proceedings against the owners of the other half of the coal land.

Argued Oct. 13, 1909. Appeal, No. 14, Oct. T., 1909, by plaintiff, from decree of C. P. Washington Co., No. 1,763, In Equity, dismissing bill in equity in case of L. H. Ramsey v. Elizabeth Jane Ramsey, Kate F. Ramsey, U. B. Ramsey, Morgan R. Prigg and Lillian B. Prigg, his wife, in right of the wife, M. J. Flynn and E. K. Gribben. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity for partition. Before TAYLOR, J.

In addition to the facts stated in Ramsey v. Ramsey, No. 1, ante, p. 249, it appeared that the coal involved in the present proceeding was situated in East Finley township, and that the decedent owned a half interest therein, M. J. Flynn and E. K. Gribben being the owners of the other half interest.

The court dismissed the bill.

*Error assigned* was decree dismissing the bill.

*Harry A. Jones*, with him *T. F. Birch* and *John R. Mc-Creight*, for appellant.

*James I. Brownson*, with him *R. W. Knox*, for appellees.

OPINION BY MR. JUSTICE STEWART, January 3, 1910:

This appeal presents the same question that was raised in Appeal No. 13, ante, p. 249. This bill asks partition of the coal on one of the tracts in which testator had an undivided one-half interest, and the cotenants, Flynn and Gribben, were made parties defendant. The contention is that, even conceding the conversion under the will, such circumstance could not have prevented either of these cotenants from demanding partition at any time, and that if they had such right, it equally belonged to the appellant. This would be entirely correct were the appellant a devisee of the other undivided one-half, but we have just decided that he is not; that he is simply a legatee with respect to all except the home tract which, minus the Pittsburg coal vein, was specifically devised to him. For the reasons stated in the opinion in the other case, the appeal here is dismissed at the cost of the appellant.